IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**CARTEZ K. HOWARD,**

    **Plaintiff,**

v.                                  Case No. 3:15-cv-09800

**LARRY CRAWFORD, Administrator**
of the Western Regional Jail,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees & Costs and his *pro se* complaint seeking money damages from the defendant for an alleged slip and fall suffered by Plaintiff when he was an inmate at the Western Regional Jail. The undersigned notes that Plaintiff is no longer an inmate at the Western Regional Jail and is not listed as an inmate of any other West Virginia jail or correctional facility. Therefore, his application to proceed *in forma pauperis,* (ECF No. 1) is **DENIED,** as it is no longer factually accurate. Plaintiff is **ORDERED** to submit, within **forty-five (45) days** of the date of this Order, an amended Application to Proceed Without Prepayment of Fees & Costs, reflecting his current financial status, or pay the $400 filing fee. **Plaintiff is notified** that no action shall be taken on his complaint until the fee is paid or the amended application is filed, and a failure to pay the fee or submit the amended application shall result in a recommendation that the

complaint be dismissed.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. That on April 12, 2015, Plaintiff's unit at the Western Regional Jail was flooded when another inmate pulled down a fire sprinkler. The prisoners in the unit were immediately placed on lockdown.

2. After the inmate was removed, the other prisoners were allowed to walk in the common area, which had not yet been cleared of the water from the sprinkler.

3. As a result of the water on the floor, Plaintiff fell and hit his head. He was knocked unconscious and required transport to a local hospital. He now has a back injury.

Plaintiff seeks compensatory damages in the amount of $250,000 and reimbursement for future medical and pharmacy bills.

Clearly, these allegations do not state a valid cause of action under 28 U.S.C. § 1983, or otherwise establish that jurisdiction is proper in the United States District Court. Consequently, along with paying the filing fee or submitting an amended Application to Proceed Without Prepayment of Fees and Costs, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure the various deficiencies in pleading as indicated below:

1. Plaintiff shall state in the complaint his full name and current address.

2. Plaintiff shall elaborate on how the defendant allegedly violated Plaintiff's civil or constitutional rights. Plaintiff must bear in mind that in order to state a cause of action for money damages under 42 U.S.C. § 1983, he must show that the defendant was acting under color of state law and deprived Plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). Generally, a "slip and fall" case does not state a claim of constitutional magnitude, even when the event involves an inmate falling in a correctional facility. *See Newton v. North Central Regional Jail,* Civil Action No. 5:13CV76, 2014 WL 3572128, at *5 (N.D.W.Va. July 18, 2014) (collecting cases). Instead, "[r]emedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Mitchell v. West Virginia,* 554 F.Supp 1215, 1217 (N.D.W.Va. 1983).

3. Plaintiff shall also state the nature of the alleged constitutional violation and shall specify whether he is naming Defendant Crawford in his personal or official capacity.

If Plaintiff wishes to dismiss the case, without prejudice, in order to pursue his claim in another forum, he shall notify the Court by sending a motion for dismissal.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim compensable under 42 U.S.C. § 1983. **Plaintiff is reminded of his obligation under the local rules of this Court to notify the Clerk of any change in address or contact information.**

The Clerk is instructed to provide a copy of this order to Plaintiff at 4840 Adams #266, Rochester, MI 43806.

**ENTERED:** July 24, 2015.

_____
Cheryl A. Eifert
United States Magistrate Judge