**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**CARTEZ K. HOWARD,**

        **Plaintiff,**

**v.**                                     **Case No. 3:15-cv-09800**

**LARRY CRAWFORD, Administrator
of the Western Regional Jail,**

        **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and that this action removed from the docket of the Court.

**I.**    **Relevant History**

On July 10, 2015, Plaintiff Cartez Howard ("Howard") filed a § 1983 complaint against Larry Crawford, Administrator of the Western Regional Jail in Barboursville, West Virginia, seeking damages related to an accidental fall Howard suffered while

1

incarcerated at the Jail. (ECF No. 2). According to Howard, the accident happened after another inmate in Howard's unit pulled a fire sprinkler, causing the unit to flood. The inmates were placed in lockdown so that the unit could be cleaned, but they were released before the floor was dry. When Howard stepped out of his cell, he slipped on standing water, fell to the floor, and was knocked unconscious. (*Id.* at 3). Although he was taken to the hospital for treatment, he continued to suffer from pain in his lower back and neck. Howard demanded compensation in the amount of $250,000 plus payment of future medical expenses. (*Id.* at 4). At the same time that he filed the Complaint, Howard also filed an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). Within days of filing these documents, Howard was released or transferred from the Western Regional Jail. However, in the Complaint, Howard provided an address located in Rochester, Michigan and asked that the address be used for purposes of his lawsuit.[1] (ECF No. 2 at 2).

On July 24, 2015, the undersigned entered an Order denying Howard's *in forma pauperis* application on the basis that it was not factually accurate because he was no longer an inmate at the Western Regional Jail and was not listed as an inmate of any other West Virginia jail or correctional facility. (ECF No. 5). Howard was advised to submit an updated application reflecting his current financial status, or pay the filing fee, and he was notified that his failure to do one or the other within forty-five days would result in a recommendation of dismissal. (*Id.* at 1). In addition, the undersigned explained to Howard that his complaint, as written, failed to state a cognizable claim under 42 U.S.C. § 1983 and otherwise failed to establish the District Court's subject matter jurisdiction.

---

[1] The address provided appears to be in a UPS store located at a strip mall in Rochester, Michigan.

(*Id.* at 3). Howard was given forty-five days to amend the complaint and was again warned that failure to do so would result in a recommendation of dismissal for failure to state a claim compensable under 42 U.S.C. § 1983. A copy of this Order was sent to the address provided by Howard. According to the docket sheet, the Order was not returned. Therefore, Howard's receipt of the Order is presumed. At this point, more than six months have elapsed since the Order was sent to Howard. However, he has failed to comply with any of the undersigned's directives. Moreover, Howard has made no contact with the Court since filing the Complaint.

## II.    **Discussion**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). As the United States Supreme Court explained in *Link*, such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:[2]

[T]he judicial officer may give notice to all counsel and unrepresented

---

[2] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

3

> parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Howard received the Order issued by the undersigned in July, but failed to take any of the steps necessary to litigate his claim. Therefore, Howard is entirely responsible for the delay in prosecution. In addition, this matter has been pending on the Court's docket for over six months without any action or contact on the part of Howard, demonstrating a case history of Howard proceeding in a deliberately dilatory fashion. As a general rule, a delay in prosecution causes some measure of prejudice to the defendant, because witnesses become unavailable and memories become stale with the passage of time. Undoubtedly, this is more likely so in the circumstance of a regional jail where the inmate witnesses are

4

transient and often difficult to locate months and years later. Howard chose to file the lawsuit just days before leaving the Western Regional Jail. Although he left a forwarding address, he has blatantly disregarded the Court's order and has shown no further interest in prosecuting this civil action. Despite being told that a recommendation of dismissal would be forthcoming if he failed to take the necessary steps, Howard has declined to act. At present, the Court has no knowledge of Howard's whereabouts or his place of residence. Therefore, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96.

Nevertheless, the undersigned notes that the slip and fall accident that forms the basis of Howard's complaint occurred in April 2015. Consequently, the applicable statute of limitations governing Howard's claim may not yet have expired. Bearing that factor in mind, and taking into account the importance of resolving claims on their merits, the undersigned **FINDS** that while dismissal is appropriate, it is best entered without prejudice.

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, and this matter be removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this

Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**:  January 27, 2016

Cheryl A. Eifert
United States Magistrate Judge